# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHRISTINA, R.** [1], | Case No. 6:19-cv-1334-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **ANDREW M. SAUL,** Commissioner of Social Security, | |
| Defendant. | |

Katherine L. Eitenmiller and Mark A. Manning, HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette Street, Eugene, OR 97401. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; L. Jamala Edwards, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Christina R. ("Plaintiff") seeks judicial review of the final decision of the Commissioner

of the Social Security Administration ("Commissioner") denying her applications for Disability

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

Insurance Benefits and Supplemental Security Income. Because the Commissioner's findings were not supported by substantial evidence, the decision is REVERSED and this case REMANDED for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A.  Plaintiff's Application

Plaintiff filed an application for DIB on May 6, 2016, and an application for SSI on May 20, 2016, alleging disability beginning October 28, 2013. AR 87; AR 162; AR 171. Plaintiff was born on December 17, 1963, and was 49 years old as of the alleged disability onset date. AR 36. She alleged disability due to degenerative disk disease, bilateral feet and knees osteoarthritis, hyperthyroid, fibromyalgia, diverticulitis, neuropathy, insomnia, vitamin D deficiency, and asthma. AR 40. The Commissioner denied Plaintiff's application initially on October 4, 2016, and upon reconsideration on January 17, 2017. AR 14; AR 89; AR 101. Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ") on February 3, 2017. AR 14. In a decision dated September 17, 2018, the ALJ found that Plaintiff was not disabled through the date of the decision. AR 22. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1-3. Plaintiff seeks judicial review of that decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## B.  The Sequential Analysis

Under the Social Security Act ("Act"), a claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140

(1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.   Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.   Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.   Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.   Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.   Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in

significant numbers in the national economy? If so, then the claimant is
not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v),
404.1560(c), 416.960(c). If the claimant cannot perform such work, he or
she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also*
*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The
Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the
Commissioner must show that the claimant can perform other work that exists in significant
numbers in the national economy, "taking into consideration the claimant's residual functional
capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966
(describing "work which exists in the national economy"). If the Commissioner fails to meet this
burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however,
the Commissioner proves that the claimant is able to perform other work existing in significant
numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54;
*Tackett*, 180 F.3d at 1099.

**C.  The ALJ's Decision**

The ALJ performed the sequential analysis as noted above. At step one, the ALJ
determined that the Plaintiff had not engaged in substantial gainful activity since the alleged
disability onset date of October 28, 2013. AR 16. Plaintiff satisfied the insured status
requirements of the Act through March 31, 2019. At step two, the ALJ determined that Plaintiff
had the following severe impairments as of January 1, 2016: diabetes mellitus with peripheral
neuropathy, lumbosacral degenerative disc disease, fibromyalgia, morbid obesity and bilateral
knee osteoarthritis, and status post right knee arthroscopy/partial meniscectomy. AR 17. The
ALJ concluded that none of these impairments, either together or in combination, equal the

severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). AR 17.

The ALJ next determined Plaintiff's RFC. The ALJ found that the Plaintiff had the RFC to perform sedentary work, which involves lifting no more than 10 pounds at a time, occasionally lifting or carrying articles like docket files, ledgers, and small tools, and occasionally standing and walking. AR 18; 20 C.F.R. § 404.1567(a). The ALJ included the following additional limitations: that Plaintiff can occasionally climb ramps and stairs but can never climb ladders, ropes or scaffolds; can frequently balance; can occasionally stoop and crouch but can never kneel or crawl; and must avoid concentrated exposure to workplace hazards such as unprotected heights and heavy machinery. *Id.*

At step four, the ALJ considered Plaintiff's past relevant work. Plaintiff previously worked as a customer complaint clerk. AR 22. The ALJ concluded that work as a customer complaint clerk was compatible with the Plaintiff's RFC. *Id.* Accordingly, the ALJ found Plaintiff was not disabled from either October 28, 2013 or January 1, 2016 through the date of the decision. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ erred by improperly rejecting Plaintiff's subjective symptom testimony and the medical opinion testimony of treating physician Dr. Lance Cheung.

### A. Plaintiff's Subjective Symptom Testimony

Plaintiff contends that the ALJ erred by failing to identify specific, clear, and convincing reasons supported by substantial evidence in the record to reject Plaintiff's subjective symptom testimony. There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical

evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

In her function report of September 30, 2016, Plaintiff described her conditions as follows:

> Unable to stand or walk for more than 30 minutes without experiencing pain from my back to my toes. I have to stop and sit after 2-3 blocks. I have swelling and numbness in my feet and legs are weak. I had surgery on one knee and still have pain in both knees.

AR 236. At the hearing, Plaintiff testified that she has pain from her back to her toes, spinal stenosis in her back, two bad knees needing replacement, and diabetes neuropathy in her legs and her feet. AR 569. The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, satisfying step one of the framework.

AR 18. The ALJ, however, determined that Plaintiff's statements concerning the intensity,

persistence, and limiting effects of her symptoms were "not entirely consistent with the medical

evidence and other evidence in the record for the reasons explained in this decision." *Id.* The

ALJ identified two reasons for rejecting Plaintiff's subjective symptom testimony—that it was

inconsistent with her activities of daily living and that it was unsupported by the objective

medical evidence.[2] AR 19.

### 1.  Daily Living Activities

Daily living activities may provide a basis for discounting subjective symptoms if the

plaintiff's activities either contradict his or her testimony or meet the threshold for transferable

work skills. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Orn*, 495 F.3d at 639.

For daily activities to discount subjective symptom testimony, the activities do not need to be

equivalent to full-time work; it is sufficient that the plaintiff's activities "contradict claims of a

totally debilitating impairment." *Molina*, 674 F.3d at 1113. A claimant, however, need not be

utterly incapacitated to receive disability benefits, and completion of certain routine activities is

insufficient to discount subjective symptom testimony. *See id.* at 1112-13 (noting that a

"claimant need not vegetate in a dark room in order to be eligible for benefits" (quotation marks

omitted)); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) ("One does not need to be

---

[2] The Commissioner argues that additional reasons were provided by the ALJ, but the ALJ did not assert additional reasons for discounting Plaintiff's testimony. The ALJ expressly stated, both in beginning the analysis of Plaintiff's subjective testimony and in concluding the analysis of Plaintiff's RFC, that the ALJ's analysis was only based on objective medical evidence and daily living activities. AR 19 ("As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are not reliable because they are unsupported by the objective medical evidence and contradicted by the claimant's activities of daily living."); AR 22 ("In sum, the above residual functional capacity assessment is supported by the objective medical evidence showing only mild and mild to moderate degenerative changes and the claimant's activities of daily living including providing child care for her grandchild.").

'utterly incapacitated' in order to be disabled."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989))); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity be inconsistent with the plaintiff's claimed limitations to be relevant to his or her credibility and noting that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"). Moreover, particularly with certain conditions, cycles of improvement may be a common occurrence, and it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding that a plaintiff is capable of working. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

The ALJ did not discuss specific activities that she found contradicted Plaintiff's subjective testimony in directly analyzing Plaintiff's subjective testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) (finding general rejection of claimant's testimony was insufficient and that ALJ committed legal error when she did not specify what testimony she rejected and why). The ALJ did, however, mention some activities as contradicting subjective testimony in discussing the medical evidence. *See* AR 20 (discussing the reports of Drs. Kehrli and Davenport); AR 21 (discussing the opinion of Dr. Cheung). The ALJ noted that Plaintiff's ability to go grocery shopping, perform household chores, and watch her grandchild were inconsistent with Plaintiff's testimony regarding her limitations.

Plaintiff testified that she goes grocery shopping twice a month (AR 571), she takes a cab to the grocery store (AR 562), she uses a motorized cart and can shop for no more than one hour, and if no cart is available she can shop for no more than 30 minutes and would have severe swelling in her feet the next day (AR 303). Regarding household chores, she testified that she tries to be as helpful as possible, such as folding clothes or chopping vegetables while sitting down, that she can make simple meals for herself and her grandson, that she "fiddles" with her potted plants, and that she can bathe herself. AR 570-71. Regarding watching her grandson, she testified that she sits with him, watches cartoons, plays games, or he plays a video game. AR 570. These activities are not inconsistent with her claimed limitations and are the types of activities the Ninth Circuit has repeatedly held not to support discounting subjective testimony. The ALJ erred by failing to identify specific, clear, and convincing reasons supported by Plaintiff's daily living activities to reject Plaintiff's subjective symptom testimony.

### 2.  Objective Medical Evidence

The ALJ's decision contained a description of Plaintiff's symptom allegations with a detailed and specific recitation of the objective medical evidence. The ALJ then discounted Plaintiff's testimony with general statements that "the claimant's statements concerning the intensity, persistence and limiting effect of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. . ." and "the claimant's statements. . . are not reliable because they are unsupported by the objective medical evidence and contradicted by the claimant's activities of daily living." AR 18-19.

The Commissioner argues that the ALJ can rely on the objective medical evidence as contradicting a plaintiff's subjective testimony. The ALJ did not, however, provide specific examples of where Plaintiff's subjective symptom testimony conflicted with or contradicted the objective medical evidence. The ALJ recounted the objective medical evidence and the sources

from which the evidence originated without identifying what pieces of evidence contradict specific parts of Plaintiff's subjective symptom testimony. Because the ALJ failed to connect the objective medical evidence to Plaintiff's subjective symptom testimony the ALJ did not provide specific, clear, and convincing reasons by way of the objective medical evidence for rejecting Plaintiff's testimony.

The ALJ appears generally to have found that the objective medical evidence did not support the severity of Plaintiff's allegations. A lack of support in the objective medical evidence cannot, by itself, support rejecting a plaintiff's subjective symptom testimony. *Robbins*, 466 F.3d at 883; see also 20 C.F.R. § 404.1529(c)(2) (noting that the Commissioner "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements"). The ALJ erred by failing to identify specific, clear, and convincing reasons supported by the objective medical evidence to reject Plaintiff's subjective symptom testimony.

## B.  Medical Opinion Testimony

The ALJ generally will give more weight to opinions from treating sources because they have treated the claimant over a period of time and "bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone" or from one-time evaluations performed by consulting physicians. 20 C.F.R. §§ 404.1527(c), 416.927(c)(2). If a treating physician's medical opinion is not inconsistent with other evidence in the record and is supported by medical findings, the treating physician's opinion should be given controlling weight. *See Holohan v. Masasnari*, 246 F.3d 1195, 1202 (9th Cir. 2001). In the hierarchy of medical evidence, the opinion of a treating physician is entitled to greater weight than that of an

examining physician, which in turn is entitled to greater weight than that of a non-examining physician. *Garrison*, 759 F.3d at 1012.

The ALJ serves as "the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008). In that capacity, the ALJ is responsible for making credibility determinations, resolving conflicts in the medical evidence, and resolving ambiguities. *Vazquez*, 572 F.3d at 591. "Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If, however, "a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison*, 759 F.3d at 1012 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). However, "even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Garrison*, 759 F.3d at 1012 (quoting *Orn*, 495 F.3d at 633).

Dr. Cheung was Plaintiff's treating physician and saw Plaintiff three times before issuing his medical opinion. Dr. Cheung opined that Plaintiff is limited to walking two city blocks without severe pain, sitting for no more than 30 minutes at a time, standing for no more than 20 minutes at a time, two hours of sitting and standing/walking during an eight-hour workday, and lifting 20 pounds only rarely. AR 496. Dr. Cheung also opined that Plaintiff needs to walk around every 15-20 minutes during an eight-hour workday. *Id.*

The ALJ gave Dr. Cheung's medical opinion testimony some weight. AR 21. The ALJ discounted Dr. Cheung's opinion in part because he had only seen Plaintiff three times, she had not appeared at some appointments with Dr. Cheung, and she had failed to complete the physical

therapy he had prescribed. *Id.* Additionally, the ALJ noted that Dr. Cheung's opinion is inconsistent with the objective medical evidence and Plaintiff's daily living activities. *Id*.

The ALJ failed to provide specific and legitimate reasons that are supported by substantial evidence for giving little weight to the medical opinion testimony of Dr. Cheung. The ALJ stated that Dr. Cheung's treatment note saying that Plaintiff requires a cane for pain and weakness is contradicted by the March 26, 2018 treatment notes of Dr. Anton Lotman. AR 513. The ALJ referred to these treatment notes to dispute Dr. Cheung's opinion that Plaintiff requires a cane because the notes state that Plaintiff can control some of her pain by taking Cymbalta 60 mg twice daily, gabapentin 300 mg three times a day, and Capsaicin cream twice a day. *Id*. The ALJ further chose to give little weight to Dr. Cheung's opinion because, during an appointment with Dr. Cheung, the Plaintiff noted that her back pain was reduced with physical therapy and that her medication was helping to reduce her foot pain at night. AR 21.

The ALJ's findings that the opinion of Dr. Cheung is inconsistent with the treatment notes of either Dr. Lotman or Dr. Cheung's own treatment notes are not specific and legitimate or supported by substantial evidence. The ALJ merely cited to the single treatment note of Dr. Lotman and concluded that Plaintiff's ability to control some of her pain refuted Dr. Cheung's opinion that Plaintiff requires a cane. Dr. Lotman's treatment note, however, makes no comment on Plaintiff's pain levels or whether Plaintiff's symptoms necessitate the use of a cane. The ALJ does not address other contemporaneous evidence in the record that discusses Plaintiff's use of a cane. For example, during a January 12, 2018, visit to her orthopedic doctor to discuss her "present illness" the doctor noted Plaintiff's use of a cane and her statement that her condition is "getting worse." AR 503. An ALJ may not "cherry pick" evidence in the record. *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016).

The ALJ also concluded that Dr. Cheung's opinion is entitled to less weight because Dr. Cheung himself noted that Plaintiff experienced improvements in her back pain after participating in physical therapy. AR 21. Dr. Cheung, however, also noted that Plaintiff's knee pain was a barrier to her continuing the physical therapy for her back. AR 515.

The ALJ further noted that Dr. Cheung's medical opinion testimony is inconsistent with Plaintiff's daily living activities as reported on her function report and as testified to at the hearing. The ALJ states that Dr. Cheung's medical opinion is inconsistent with Plaintiff's daily living activities because Plaintiff is capable of grocery shopping for herself and provides childcare for her grandson. AR 21. For the same reasons Plaintiff's daily living activities are not inconsistent with her subjective symptom testimony, they are not inconsistent with Dr. Cheung's opinion. The ALJ failed to specifically identify which aspects of Dr. Cheung's medical opinion testimony are inconsistent with Plaintiff's function report and testimony and the type of activities in which Plaintiff engaged are not inconsistent with the functionality to which Dr. Cheung opined.

The ALJ's reasons for discounting Dr. Cheung's medical opinion are not specific and legitimate and are not supported by substantial evidence. Thus, the ALJ erred in discounting Dr. Cheung's opinion.

## C.  Remand

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210 (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the

utility of further proceedings. A remand for an award of benefits is appropriate when no useful

purpose would be served by further administrative proceedings or when the record has been fully

developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100. A

court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence

that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act.

*Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court.

*Garrison*, 759 F.3d at 999. The Ninth Circuit articulates the rule as follows:

> The district court must first determine that the ALJ made a legal
> error, such as failing to provide legally sufficient reasons for
> rejecting evidence. If the court finds such an error, it must next
> review the record as a whole and determine whether it is fully
> developed, is free from conflicts and ambiguities, and all essential
> factual matters have been resolved. In conducting this review, the
> district court must consider whether there are inconsistencies
> between the claimant's testimony and the medical evidence in the
> record, or whether the government has pointed to evidence in the
> record that the ALJ overlooked and explained how that evidence
> casts into serious doubt the claimant's claim to be disabled. Unless
> the district court concludes that further administrative proceedings
> would serve no useful purpose, it may not remand with a direction
> to provide benefits.
>
> If the district court does determine that the record has been fully
> developed and there are no outstanding issues left to be resolved,
> the district court must next consider whether the ALJ would be
> required to find the claimant disabled on remand if the improperly
> discredited evidence were credited as true. Said otherwise, the
> district court must consider the testimony or opinion that the ALJ
> improperly rejected, in the context of the otherwise undisputed
> record, and determine whether the ALJ would necessarily have to
> conclude that the claimant were disabled if that testimony or
> opinion were deemed true. If so, the district court may exercise its
> discretion to remand the case for an award of benefits. A district
> court is generally not required to exercise such discretion,
> however. District courts retain flexibility in determining the
> appropriate remedy and a reviewing court is not required to credit
> claimant's allegations regarding the extent of their impairments as

true merely because the ALJ made a legal error in discrediting
their testimony.

*Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (internal citations and quotation

marks omitted).

The ALJ committed reversible errors in assessing Plaintiff's subjective symptom

testimony and Dr. Cheung's medical opinion. The Court, however, does not find that the record

as a whole is fully developed and free from all conflicts and ambiguities. Accordingly, remand

for further proceedings is appropriate.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is **REVERSED AND**

**REMANDED** for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 1st day of October, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge